Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **EMMETT W. CALDWELL**<br><br>Apelante<br><br><br>v.<br><br><br>**AMA AUTORIDAD METROPOLITANA DE AUTOBUSES Y OTROS**<br>Apelada | KLAN202401110 | **APELACION**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil núm.:<br>**SJ2024CV08850**<br><br><br>Sobre:<br>**DAÑOS** |

Panel integrado por su presidenta la juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de febrero de 2025.

Comparece ante nos, Emmett Caldwell, en adelante, Caldwell o apelante, solicitando que revisemos una *"Sentencia"* del Tribunal de Primera Instancia, Sala de San Juan, en adelante, TPI-SJ el 27 de noviembre de 2024. Mediante el dictamen apelado, el Foro Primario desestimó la causa de acción incoada por el apelante.

*Before this Court appears Emmett Caldwell, onwards referred to as Caldwell or appellant, requesting our review of the "Judgement" issued by the Superior Court of San Juan, onwards referred to as Superior Court, on November 27, 2024. The appealed ruling dissmissed the appellant's cause of action.*

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso por falta de jurisdicción.

*For the reasons we will detail below, we dismiss the appeal before us, for lack of jurisdiction.*

Número Identificador
SEN2025_____

**I.**

El 17 de septiembre de 2024, Caldwell presentó una demanda, en el lenguaje inglés, por daños contra la Autoridad Metropolitana de Autobuses, entre otros.[1] En su petitorio, solicita varias cuantías monetarias, a consecuencia de un alegado accidente automovilístico ocurrido el día 2 de mayo de 2024.

*On September 17, 2024, Caldwell filed a legal claim in english against the Autoridad Metropolitana de Autobuses, and others before the appealed court. On his petition, the appellant demanded monetary compensation for the alleged grievances suffered from a car accident on May 2, 2024.*

Luego de una enmienda a la demanda, el 24 de septiembre de 2024, el TPI-SJ emitió los emplazamientos.[2] Además, dictó una orden en la que indicó que el apelante debía acreditar, bajo juramento, su cumplimiento con la Regla 9.4 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 9.4,[3] y el diligenciamiento de los emplazamientos en conformidad con la Regla 4.3 de las Reglas de Procedimiento Civil, supra.[4]

*After amending his claim, the Superior Court issued the summons on September 24, 2024. In addition, Caldwell was ordered to certify, under oath, his compliance with Rule 9.4 of Civil Procedure, 32 LPRA Ap. V, R. 9.4, and the sitings, in accordance with Rule 4.3 of Civil Procedure, supra.*

El 25 de octubre de 2024, luego de una moción radicada el mismo día por Caldwell, el Foro Apelado emitió una *"Orden"*, mediante la cual sancionó al apelante por incumplir con la orden del 24 de septiembre de 2024, y le concedió hasta el 25 de noviembre

---

[1] SUMAC, entrada 1.
[2] SUMAC, entrada 2.
[3] SUMAC, entrada 4.
[4] SUMAC, entrada 5.

de 2024, para cumplir con la misma, so pena de desestimación.[5] Además, emitió una orden,[6] mediante la cual ordenó a la Secretaría del Tribunal adjuntar la demanda enmendada al Sistema Unificado de Manejo y Administración de Casos (SUMAC) e incluir a First Transit Puerto Rico, Inc. en el caso.[7] También le solicitó al apelante que especificara qué partes deseaba remover del caso. El 30 de octubre de 2024, First Transit Puerto Rico, Inc. quedó debidamente emplazado.[8]

*On October 25, 2024, the Superior Court issued an "Order" sanctioning Caldwell for failure to comply with the September 24, 2024 ruling, granting him until November 25, 2024 to adhere, under penalty of dismissal. In addition, the Court order the secretary's office to attach the amended claim to the digital system of SUMAC, and include First Transit Puerto Rico, Inc. to the case. Also, the Superior Court asked Caldwell to specify which defendant he wanted removed from the claim. Finally, on October 30, 2024, First Transit Puerto Rico, Inc. was duly notified of the claim.*

Posteriormente, el 27 de noviembre de 2024, el Foro Apelado notificó una *"Sentencia",* en la que desestimó la demanda de Caldwell, por no haber acreditado el cumplimiento con la Regla 39.2 de Procedimiento Civil, supra, según ordenado el 24 de septiembre de 2024.[9]

*Subsequentlty, on November 27, 2024, the Superior Court dismissed the case initiated by the appellant, on the grounds of not having complied with Rule 39.2 of Civil Procedure, supra, as per the order of September 24, 2024.*

---

[5] SUMAC, entrada 7.
[6] Aclaramos que hasta este momento, todos los señalamientos del TPI-SJ se habían emitido en el lenguaje español. Comenzando con la orden referida, el Foro Primario comenzó a expresarse en el lenguaje inglés.
[7] SUMAC, entrada 8.
[8] SUMAC, entrada 9.
[9] SUMAC, entrada 11.

Así las cosas, el 10 de diciembre de 2024, Caldwell recurrió ante nos por derecho propio impugnando la determinación del TPI-SJ. Alega, entre otras cosas, que no recibió las órdenes emitidas por el TPI-SJ. Además, señala que el Foro Primario se rehusó a comunicarse efectivamente con él, en consideración a la barrera lingüística. No obstante, expresa en su recurso que de lo entendido por él, el TPI-SJ requirió que este notificara su representación legal. Sin embargo, argumenta que tiene intenciones de representarse a sí mismo, y que esta situación no justifica la desestimación.

*Thus, on December 10, 2024, Caldwell challenged the Superior Court's dismissal before us, in his own behalf. Amongst other things, he alleges he was never notified of the Court's orders. Furthermore, he argues that, in consideration to the language barrier, the Superior Court neglected its responsibility to communicate effectively with him. However, in his appeal, he states that from what he was able to understand, the Superior Court asked him to acquire legal representation. Caldwell states that he intends to represent himself and argues that this particularity does not justify the dismissal of his case.*

Mediante una *"Resolución"* dictada en *ambos idiomas,* del 7 de enero de 2024, este Tribunal le concedió un término de cinco (5) días al apelante para evidenciar la notificación de su recurso a la otra parte, First Transit Puerto Rico, Inc., conforme a la Regla 13 (B) y la Regla 14 (B) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 13 (B) y R. 14 (B). Además, le concedió a la parte apelada treinta (30) días para presentar su alegato en oposición. Advertimos que de no cumplir con lo ordenado, procederíamos a resolver el recurso con los documentos que obren en autos.

*This Court notified, in Spanish and English, a resolution on January 7, 2024, in which it granted Caldwell five (5) days to certify the notification of this appeal to the other party, First Transit Puerto*

*Rico, Inc., pursuant to Rule 13 (B) and Rule 14 (B) of our Rules of Appeals, 4 LPRA Ap. XXII-B. R. 13 (B) y R. 14 (B). Also, a period of thirty (30) days was granted to the appealed party, to present its opposition to the claim. We advised parties that noncompliance with our order would not impede this Court to resolve the claim with the documents in file.*

El 14 de enero de 2025, el apelante radicó una moción ante esta Curia en la que arguyó, entre otras cosas, que la notificación a la apelada le correspondía al Foro Primario. Para esto, no ofreció fundamento en derecho.

*On January 14, 2025, the appellant filed a motion before us, in which he argued that it was this Court's responsibility to notify of the appeal to the other party. Nevertheless, he offered no lawful explanation for this.*

Vencidos los términos otorgados a las partes, sin el cumplimiento de lo ordenado, procedemos a resolver.

*Expired the terms granted to both parties, our ruling is as follows.*

**II.**

**A. Jurisdicción/Jurisdiction**

La jurisdicción de un Tribunal consiste en la autoridad o facultad que tiene para atender y adjudicar una controversia. *Freire Ruiz de Val y otros v. Morales Román*, 2024 TSPR 129, 214 DPR ___ (2024); *Mun. Aguada v. W. Construction,* 2024 TSPR 69, 213 DPR ___ (2024); *R&B Power Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *Matos, Sostre v. Registradora,* 2023 TSPR 148, 213 DPR ___ (2023); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012). Los asuntos relevantes a la

jurisdicción requieren prontitud y preferencia en su manejo. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233–234 (2014); *Muns. Aguada y Aguadilla v. JCA,* 190 DPR 122, 131 (2014); *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012). Por eso, es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción, pues "no tienen discreción para asumir jurisdicción allí donde no la tienen". *Mun. Aguada v. W. Construction,* supra; *Peerless Oil v. Hnos. Torres Pérez,* supra, pág. 250, citando a *SLG. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

*A court's jurisdiction consists of its authority to adjudicate a controversy. R&B Power Inc. v. Junta de Subasta ASG, 2024 TSPR 24, 213 DPR ___ (2024); Matos, Sostre v. Registradora, 2023 TSPR 148, 213 DPR ___ (2023); FCPR v. ELA et al., 211 DPR 521, 529 (2023); Adm. Terrenos v. Ponce Bayland, 207 DPR 586, 600 (2021); Fuentes Bonilla v. ELA et al., 200 DPR 364, 372 (2018); Shell v. Srio. Hacienda, 187 DPR 109, 122 (2012). It is a reiterated rule that courts must be jealous guardians, for "they have no discretion to assume jurisdiction where they do not have it". Peerless Oil v. Hnos. Torres Pérez, supra, pág. 250, quoting SLG. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007).*

Por su parte, en la práctica apelativa, las partes vienen obligadas a cumplir con las disposiciones legales y reglamentarias aplicables para la tramitación eficaz de sus recursos. *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975). Para que estemos en posición de revisar al foro primario, la parte que apele de una sentencia final ***tiene la obligación de perfeccionar su recurso***, según lo exige la ley y nuestro Reglamento. *Freire Ruiz de Val y otros v. Morales Román,* supra; *Morán v. Martí,* 165 DPR 356, 363 (2005).

*In appellate practice, petitioners are obliged to comply with applicable legal and regulatory provisions, to effectively process petitions. Matos v. Metropolitan Marble Corp., 104 DPR 122, 125 (1975). To properly ready this court, **petitioners must bring to perfection every appeal.** Morán v. Martí, 165 DPR 356, 363 (2005).*

Por su severidad y las graves repercusiones que redundan para el promovente de una causa de acción, la desestimación de un recurso apelativo constituye una sanción de último recurso. *Salinas v. S.L.G. Alonso,* 160 DPR 647, 656 (2003). Por ello, cuando el foro intermedio pretende aplicar dicho mecanismo a un recurso sometido a su consideración, debe ponderar su proceder y cerciorarse de que el incumplimiento del apelante ha constituido un impedimento real para el ejercicio efectivo de su función revisora.

*Because of the severe repercussions that follow the dismissal of an appeal, this court must weigh the latter as a sanction of last resort. Salinas v. S.L.G. Alonso, 160 DPR 647, 656 (2003). If this court decides to procure this mechanism, it must ensure that the appellant has truly impeded its functions as a revisory forum.*

***La falta de jurisdicción es un defecto que no puede ser subsanado.*** *Freire Ruiz de Val y otros v. Morales Román,* supra; *Lozada Sánchez et al. v. JCA.,* 184 DPR 898, 909 (2012). Nuestro Alto Foro ha expresado que, ante la ausencia de jurisdicción, la única vía en derecho "es así declararlo y desestimar el caso". *Mun. Aguada v. W. Construction,* supra; *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

***Lack of jurisdiction is an insurmountable defect****. Lozada Sánchez et al. v. JCA., 184 DPR 898, 909 (2012). Our highest court has stated that in the absence of jurisdiction, the only lawful course of actions is to "declare it and dismiss the case". Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 355 (2003).*

Relativo al caso de autos, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, dispone que:

[...]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

1. *que el Tribunal de Apelaciones carece de jurisdicción;*

2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

3. que no se ha presentado o proseguido con diligencia o buena fe;

4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

5. que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, *a iniciativa propia*, podrá desestimar un recurso de apelación, o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

[...]

(Énfasis suplido).

*Freire Ruiz de Val y otros v. Morales Román*, supra

*Regarding the case before us, Rule 83 of our Rules of Appeals, 4 LPRA Ap. XXII-B, R. 83, states that:*

*[...]*

*(B) A party may request the dismissal of an appeal, for the following reasons:*

*1. the court lacks jurisdiction;*

*2. the petition was filed out of term, and there is no justification for its delay;*

*3. there has been no good faith;*

*4. the petition is frivolous, there is no legal controversy or it has been filed to delay certain procedures;*

*5. petition is academic.*

*(C) This court may dismiss a case of its own volition or deny a discretionary petition for whichever reason listed in subsection (B).*

## B. Perfeccionamiento de los recursos apelativos/

## Perfecting an Appeal

Lo cierto es que, en nuestro ordenamiento jurídico, el derecho a apelar una sentencia es de carácter estatutario, no constitucional. *Pérez Soto v. Cantera Pérez,* 188 DPR 98, 104 (2013). Sin embargo, es el Tribunal Supremo de Puerto Rico quien tiene la responsabilidad "de diseñar e implantar un sistema de normas que fomente la más sana y efectiva administración de la justicia, tanto en la jurisdicción original como en la apelativa". *Id.* En el ejercicio de dicha responsabilidad, resaltamos lo dispuesto en la Ley de la Judicatura de 2003, la cual dispone que nuestro Alto Foro tiene la facultad para diseñar las reglas que aseguren el "acceso fácil, económico y efectivo" al foro apelativo. Artículos 2.002 y 4.004, 4 LPRA secs. 24c y 24w, Ley Núm. 201 del 22 de agosto de 2003.

*In our legal system, the right to appeal is of statutory nature, not constitutional. Pérez Soto v. Cantera Pérez, 188 DPR 98, 104 (2013). However, it is the State's Supreme Court's responsibility to "design and create a system of norms that oversee that justice is administered in our judicial apparatus – whether its on the original jurisdiction or the appellative stages". Id.*

En respuesta a lo anteriormente esbozado, nuestro Tribunal Supremo aprobó el Reglamento del Tribunal de Apelaciones, el cual, en conjunto a otras disposiciones estatutarias, enmarcan la normativa para el trámite y perfeccionamiento de los recursos apelativos. *In re Aprobación Reglamento T.A.,* 162 DPR 444 (2004).

*In response to what was previously outlined, our State Supreme Court approved the Rules of the Court of Appeals, in which it frames the regulations for appellative procedures. In re Aprobación Reglamento T.A., 162 DPR 444 (2004).*

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos

apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). Sobre el particular, nuestra más alta Curia ha expresado:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado.
>
> *Morán v. Martí*, supra, pág. 367 (2005).

*In many occassions, our highest court has expressed that the rules to perfect an appeal must be rigorously observed. Soto Pino v. Uno Radio Group, 189 DPR 84, 90 (2013). Specifically on this matter, the referred court has voiced the following:*

> *The appellant must perfect its petition, so that the Court of Appeals may be empowered to revise the court of origin. If the petition is not perfected during the jurisdictional period, the appellative court fails to acquire jurisdiction over the appeal.*
>
> *Morán v. Martí, supra, 367 (2005).*

Cónsono con ello, en la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13, se encuentran las disposiciones necesarias para llevar a cabo una notificación adecuada. En lo atinente, la referida Regla reza de la siguiente manera:

> (B) Notificación a las partes
> (1) Cuándo se hará
> La parte apelante notificará el recurso apelativo y los Apéndices *dentro del término dispuesto para la presentación del recurso, siendo éste un término de **estricto cumplimiento.***
> [...]
> (2) Cómo se hará
> La parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación mediante correo certificado o servicio de entrega por empresa

privada con acuse de recibo. Podrá, además, utilizar los siguientes métodos sujeto a lo dispuesto en estas reglas: correo ordinario, entrega personal, telefax o correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original.

(Énfasis nuestro).

*Freire Ruiz de Val y otros v. Morales Román,* supra.

*In accordance with this, Rule 13 of the Rules of the Court of Appeals, 4 LPRA App. XXII-B, R. 13, state that there are necessary and specific provisions to carry out an adequate notification. The aforementioned rule reads as follows:*

*(B) Party notification*
*(1) When is it done*
*The appellant party will notify the appeal within the established term for its presentation. This is a strict compliance term.*
*[...]*
*(2) How will it be done*
*The appellant will notify the petition stamped with the date and time of its filing, either by certified mail or private delivery service with the return receipt. The following alternate methods of notification may be used: postal service, personal delivery, fax, or email, provided that the document is a true and faithful copy of the original document.*

Los requisitos de notificación no son meras formalidades procesales que no sufren consecuencias mayores. A *contrario sensu,* el deber de un promovente de alertar mediante notificación sus recursos está cimentada en el debido proceso de ley. *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 551 (2017). De esta manera, se coloca a las partes promovidas en posición de responder. *Id., Soto Pino v. Uno Radio Group,* supra, pág. 90. Además, con el fin de constatar que este deber se ha llevado a cabo adecuadamente, es necesario "que exista constancia de que se realizó la notificación a las partes de modo tal que se eviten controversias y litigios secundarios en torno al cumplimiento del requisito de notificación." *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 107 (2013).

*Notification requirements are not mere procedural formalities that endure little to no consequences. On the contrary, an appellant's obligation to notify its petitions is rooted in the due process of law. Montañez Leduc v. Robinson Santana, 198 DPR 543, 551 (2017). This way, parties are positioned to answer. Id., Soto Pino v. Uno Radio Group, supra, pág. 90. To prevent future controversies on the matter, it is necessary that there be evidence of the notification made to respondents. Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98, 107 (2013).*

En lo que respecta al término de *estricto cumplimiento,* es norma conocida, que este término puede ser prorrogado o extendido si existe justa causa para la dilación y la misma es debidamente demostrada y notificada ante el tribunal. *Freire Ruiz de Val y otros v. Morales Román,* supra; *Div. Empl. Públicos UGT vs. CEMPR,* 212 DPR 742, 751 (2023); *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 171 (2016); *Soto Pino v. Uno Radio Group,* supra, pág. 92. Ello, a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. *Cruz Parrilla v. Depto. Familia,* 184 DPR 393, 403 (2012). Consecuentemente, en relación a los términos de *cumplimiento estricto,* nuestra Máxima Curia ha resuelto que "el foro apelativo no goza de discreción para prorrogar tales términos automáticamente". *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000). Véase, además, *Montañez Leduc v. Robinson Santana,* supra, págs. 550-551; *Arriaga v. F.S.E,* 145 DPR 122, 131 (1998) y *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657 (1997). *Soto Pino v. Uno Radio Group,* supra, pág. 92.

*Regarding the strict compliance requisite of notification, it is well known that the term may be extended under a reasonable just cause. One which will have to be proven true before the court. Div. Empl. Públicos UGT vs. CEMPR, 212 DPR 742, 751 (2023); Rivera*

*Marcucci et al. v. Suiza Dairy, 196 DPR 157, 171 (2016); Soto Pino v. Uno Radio Group, supra, pág. 92. Unlike jurisdictional terms, whose nonobservance deprives courts of jurisdiction. Cruz Parrilla v. Depto. Familia, 184 DPR 393, 403 (2012). In relation to the aforementioned strict compliance terms, our highest court has ruled that courts cannot extend these automatically. Rojas v. Axtmayer Ent., Inc., 150 DPR 560, 564 (2000). Véase, además, Montañez Leduc v. Robinson Santana, supra, págs. 550-551; Arriaga v. F.S.E, supra, pág. 131 y Bco. Popular de P.R. v. Mun. de Aguadilla, 144 DPR 651, 657 (1997). Soto Pino v. Uno Radio Group, supra, pág. 92.*

Ahora bien, con respecto al deber de mostrar justa causa en estos escenarios, nuestro Alto Foro ha indicado que:

> [N]o es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales.
>
> *Febles v. Romar*, 159 DPR 714, 720 (2003).

*Regarding the duty to show just cause in these cases, our Estate Supreme Court has said that the latter is achieved, not through vague or stereotypical excuses, but with facts. These must be proven, in a way that reasonably justify before the court the delay. Febles v. Romar, 159 DPR 714, 720 (2003).*

No puede ser de otra manera. Si los tribunales como este permiten que las partes acrediten justa causa en sus incumplimientos, basados en excusas escuetas, que adolecen de detalles circunstanciales o explicaciones robustas en fundamento, trastocaríamos el ordenamiento jurídico y la marcha ordenada de los procedimientos. De esa manera, se convertirían los términos reglamentarios en "metas amorfas que cualquier parte podría postergar". *Soto Pino v. Uno Radio Group*, supra, pág. 93.

*Otherwise, the orderly march of our legal system would be disturbed. Soto Pino v. Uno Radio Group, supra, pág. 93. If courts were to accept excuses lacking a firm basis and detailed descriptions of the circumstances around the delay, then anyone could easily manipulate and postpone the prompt resolution of their case. Id.*

En consecuencia, los tribunales podrán eximir a una parte de observar el cumplimiento de los términos si están presentes dos (2) condiciones:

> "(1) que en efecto exista **justa causa** para la dilación; (2) que la parte le **demuestre detalladamente al tribunal las bases razonables** que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida".
>
> *Arriaga v. F.S.E.,* supra, pág. 132.
> (Énfasis suplido).

*Therefore, courts may excuse a party that has infringed on duty to notify respondents of its appeal, if the following two conditions are met: there is just cause for the delay and it is proven with detailed reasonability. Arriaga v. F.S.E., supra, pág. 132.*

En ausencia de alguna de estas dos (2) condiciones, los tribunales carecen de discreción para prorrogar términos de cumplimiento estricto. *Soto Pino v. Uno Radio Group*, supra, pág. 93.

*If any of these two conditions are absent, courts have no discretion to extend the strict compliance terms. Soto Pino v. Uno Radio Group, supra, pág. 93.*

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo[…] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". De hecho, en *Soto Pino v. Uno Radio Group*, supra, nuestra Máxima Curia señaló que "es un deber acreditar la existencia de justa causa, incluso

antes de que un tribunal se lo requiera, si no se observa un término de cumplimiento estricto".  (Énfasis en el original).

*Parties must approach the subject matter in a serious manner, or their appeal may be dismissed for the unreasonable and unjustified delay in compliance.*

### III.

Caldwell recurre ante nos impugnando la desestimación de su demanda en daños, alegando que el TPI-SJ incumplió crasamente con sus deberes. Alega que el Foro Primario no le notificó sus órdenes, y no se comunicó efectivamente y en inglés. Además, alega que los fundamentos del Foro Apelado para desestimar su causa de acción son contrarios a derecho.

*Caldwell appears before us challenging the dismissal of his case, alleging that the Superior Court grossly breached its duties. He states that the court never notified its orders and failed to communicate effectively with him. Also, he believed that the court's reasoning for the dismissal is contrary to the law.*

En primera instancia, queremos atender el asunto de las notificaciones alegadamente no recibidas por el apelante del TPI-SJ. De los documentos observados en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC), surge que de la demanda radicada, el apelante suscribió el siguiente correo electrónico como información de contacto: biz2dev7777@gmail.com. Todas las órdenes dirigidas a Caldwell por el Foro Apelado se hicieron a ese mismo correo electrónico. El expediente en sistema así lo confirma. Por lo tanto, nos vemos obligados a descartar las alegaciones del apelante con respecto a la diligencia del Foro Primario en sus notificaciones.

*First, we will address the issue regarding the notifications from the court. From the documents we were able to assess on file, we*

*noticed that the appellant subscribed the following email as his contact information: biz2dev7777@gmail.com. Every single order issued by the Superior Court were sent and notified to this same email. This is why we must rule out Caldwell's allegations concerning the courts due diligence and lack of notifications.*

Ahora bien, como reseñáramos previamente, el Tribunal de Apelaciones está impedido de atender recursos sobre los cuales no ostenta jurisdicción. Lo cierto es que el requisito de notificar a la parte apelada de un recurso de esta naturaleza es imprescindible. Según la normativa antes esbozada, el incumplimiento con la misma puede subsanarse mediante justa causa. Sin embargo, la moción presentada por Caldwell, en respuesta a nuestra orden, solo hizo un vago e infundado planteamiento. Arguyó en su escrito *que la notificación de este recurso al apelado era responsabilidad del Foro Primario*. No demostrando fundamento en derecho que justifique razonablemente su incumplimiento, nos vemos en la obligación de desestimar el recurso. Habiendo transcurrido el término para la notificación de la apelación a la otra parte, sin justa causa para ello, nos vemos obligados a declararnos sin jurisdicción sobre el caso de epígrafe.

*Like we previously stated, the Court of Appeals cannot adjudicate a controversy over which it lacks jurisdiction. An appellant's responsibility to notify the appellee is essential. The nonobservance of this duty may be corrected for just cause. Nonetheless, Caldwell offered this court a vague and unsubstantiated excuse. He pleaded that it was the Superior Court's duty to notify the respondent of this appeal. However, he did not support this claim under the law. Having the notification term expired, without just cause for its infringement, we must declare ourselves without jurisdiction.*

Por último, deseamos resaltar que reconocemos que en el caso de marras, existe una barrera lingüística. Esta, sin embargo, es una que puede ser superada con una representación legal efectiva, en la radicación de un nuevo pleito dentro del año siguiente a los eventos que incitaron la demanda desestimada.

*Finally, we wish to acknowledge that in this case, there is a significant language barrier. Nevertheless, this problem can be dealt with the hiring of an effective legal representative, that may file a new claim, within one year of the events that prompted the dismissed lawsuit.*

**IV.**

Por los fundamentos antes expuestos, *desestimamos el caso ante nos, por falta de jurisdicción por haber incumplido con el requisito de cumplimiento estricto establecido en la Regla 13 (B)(1) del Reglamento del Tribunal de Apelaciones, supra, y no haberse demostrado justa causa para la inobservancia.*

*For the reasons stated above, we dismiss the appeal before us, for lack of jurisdiction, consequence not notifying, in accord with Rule 13 (B)(1) of the Rules of the Court of Appeals of strict compliance, and not having just cause for its inobservance.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones